UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. McESSY,

                     Plaintiff

        -v-                                 1:15-CV-1462

GREGORY W. GRAY, JR.; GREGORY P.
EDWARDS; ARCHIPEL CAPITAL LLC; and BIM
MANAGEMENT, LP
.

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


| APPEARANCES: | OF COUNSEL: |
|---|---|
| CHAPMAN, CUTLER LAW FIRM<br>Attorneys for plaintiff<br>111 West Monroe<br>Chicago, Illinois 60603 | DAVID THOMAS AUDLEY, ESQ.<br>JOSEPH LOMBARDO, ESQ.<br>SARA TARANEH GHADIRI, ESQ. |
| GREGORY W. GRAY, JR.<br>Defendant *pro se*<br>60 School Street #1192<br>Orchard Park, New York 14127 | |
| TARTER KRINSKY & DROGIN LLP<br>Attorneys for defendant Edwards<br>1350 Broadway<br>New York, New York 10018 | MICHAEL J. GRUDBERG, ESQ. |

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

Plaintiff William H. McEssy ("McEssy" or "plaintiff") filed the present action on

December 9, 2015, alleging several and varied claims against defendants Gregory W. Gray,

Jr. ("Gray"), Gregory P. Edwards ("Edwards"), Archipel Capital, LLC, BIM Management, LP

("BIM"), and Bennington Investment Management, Inc. ("Bennington"). Those disparate

claims nevertheless followed a single operative nucleus: plaintiff alleged that the defendants participated in an extended scheme to defraud him of his money by misrepresenting the validity—and indeed the existence—of a number of investment opportunities.

On October 17, 2019, McEssy moved for summary judgment under Federal Rule of Civil Procedure ("Rule") 56 against Gray, Edwards, and Bennington on the following Counts of the Second Amended Complaint: (I) securities fraud under § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) ("§ 10(b)"); (V) common law fraud; and (VII) common law breach of fiduciary duty.[1] On that same day, plaintiff also moved for partial default judgment under Rule 55 on the same three counts against BIM and Bennington.

Pursuant to this Court's Memorandum-Decision and Order dated December 13, 2019, those motions were assessed and resolved. Bennington's motion for summary judgment was granted in its entirety, and it was dismissed from this action. Edwards' motion for summary judgment was granted in part and denied in part. McEssy's Count VII claim for breach of fiduciary duty was dismissed against him, but this Court determined that questions of fact exist for his claims under Counts I and V for § 10(b) securities fraud and common law fraud, respectively. Those questions of fact necessitate trial to ascertain liability and damages.

McEssy was granted summary judgment against Gray on the three Counts on which plaintiff moved. Similarly, plaintiff was granted default judgment on the three Counts for which he moved against BIM. Lastly, plaintiff attained default judgment on Counts I and V against Archipel, but failed to plausibly allege a breach of fiduciary duty to merit default judgment as to Count VII. For each of these defendants, however, the issue of damages remains uncertain. This is especially true because plaintiff alleges that Gray misled him as to

---

[1] Although several other claims remained viable as to defendants Gray, BIM, and Archipel, defendants Edwards and Bennington had moved for and been granted dismissal of all Counts of the Second Amended Complaint except for Counts I, V, and VII. *McEssy v. Gray*, 2016 WL 10518458 (N.D.N.Y. Aug. 11, 2016). Thus, those counts alone remained against Edwards and Bennington.

2

the nature and extent of his disciplinary history, but the record and the ready availability of that disciplinary history raise questions as to whether that alleged deception truly harmed him.

For Gray, as a defendant who has appeared before this Court, those damages must be ascertained through a jury trial. For the defaulting defendants, however, this Court has the capacity to order a hearing as to the propriety of damages under Rule 55(b)(B). Because McEssy alleges that BIM and Archipel were merely the vehicles for Gray's scheme, however, this Court is satisfied that the damages attributable to the architect of the fraud would be appropriately attributed to his instruments as well.

In summary, there are triable issues of fact for Edwards' liability under Counts I and V of McEssy's amended complaint. Should plaintiff prove liability, he must also prove damages. Additionally, there is a triable issue of fact as to the damages suffered by plaintiff at Gray's hands. That trial for damages will also serve as a hearing to establish the damages against BIM and Archipel.

Therefore, it is

ORDERED that

1. Plaintiff proceed to trial against Edwards to prove his liability, and, if liability is proven, damages for Counts I and V of the Second Amended Complaint;

2. Plaintiff proceed to trial against Gray to prove damages for Counts I, V, and VII of the Second Amended Complaint;

3. Plaintiff's proof of damages against Gray will be used by this Court to ascertain his damages suffered by BIM and Archipel;

4. All Pretrial submissions pursuant to paragraph 12(B) of the Uniform Pretrial Scheduling Order at Dkt. No. 118, including any motions in limine, shall be filed no later than Tuesday, March 10, 2020 at 5:00 p.m.; and

5. Plaintiff, Edwards, and Gray appear at the Utica Federal Courthouse, 10 Broad Street, Utica, New York, 13501, at 9:30 a.m. on Monday, March 23, 2020, for jury selection and trial.

It is SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: December 13, 2019
Utica, New York.