U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAR 1 1 2020
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Utica

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK          X

WILLIAM H. McESSY,

      Plaintiff,

  vs.

GREGORY W. GRAY, JR.; GREGORY P. EDWARDS; ARCHIPEL CAPITAL LLC; BIM MANAGEMENT LP; BENNINGTON INVESTMENT MANAGEMENT, INC.; NIXON PEABODY, LLP; JOHN KOEPPEL ESQ.; and against all in a representative and fiduciary capacity for as acting GENERAL PARTNERS; and CONTROL MEMBERS OF BENNINGTON-EVERLOOP LP; ARCHIPEL CAPITAL-AGRIVIDA LLC; ARCHIPEL CAPITAL-BLOOM ENERGY LP; ARCHIPEL CAPITAL-LATE STAGE FUND LP; ARCHIPEL CAPITAL-LINEAGEN LP; ARCHIPEL CAPITAL-SOCIAL MEDIA FUND LP (1, 2, 3 & 4) and against each said funds Individually as Limited Partnership Enterprises and as Attorneys and Publishers of all Private Placement Memorandums in connection with each/any/or all of the above entities; and against MV LIQUIDITY FUND, LLC; MV LIQUIDITY FUND 1, LLC; MICROVENTURE MARKETPLACE, INC.; and Jane Does and Mary Roes (#1-10),

      Defendants.

Civil Action No.: 1:15-CV-1462 (DNH/TWD)

Judge David N. Hurd

## CONSENT JUDGMENT

WHEREAS, this action was commenced on December 9, 2015 by the filing of the Summons and Complaint; and

WHEREAS, Plaintiff William McEssy (*"Plaintiff"*) filed his Second Amended Complaint (the "*SAC*") on December 18, 2017; and

WHEREAS, in the SAC, among other claims, Plaintiff seeks monetary damages against Defendant Gregory W. Gray, Jr. (*"Defendant"* and together with Plaintiff, the *"Parties"*) for violations of Section

10(b) of the Exchange Act and Rule 10b-5 (Count I), common law fraud (Count V), and breach of fiduciary duty (Count VII); and

WHEREAS, the United States District Court for the Northern District of New York (the "*Court*") entered summary judgment in favor of Plaintiff and against Defendant as to his liability on Counts I, V, and VII of the SAC pursuant to its Memorandum Opinion and Order entered on December 13, 2019; and

WHEREAS, the Court entered a separate Memorandum Opinion and Order on December 13, 2019 ordering that Plaintiff proceed to trial against Defendant as to damages only on Counts I, V and VII of the SAC; and

WHEREAS, the Parties now stipulate and consent to the terms of this Consent Judgment, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the Parties hereto, it is:

**HEREBY ORDERED ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the subject matter of this case and personal jurisdiction over Defendant.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2); Section 22(a) of the Securities Act (15 U.S.C. § 77v (a)); and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

3. The Parties consent and agree to the entry of a stipulated judgment in the amount of $4,663,263 against Defendant Gregory W. Gray, Jr. on Counts I, V, and VII of the SAC, equal to the amount of the principal investment of Plaintiff as alleged at Paragraph 84 of the SAC minus the restitution payments received by Plaintiff to date in connection with that action styled *SEC v. Gregory Gray, Jr.*, et al., Case No. 15 CIV 1465 (LAK) (the "*SEC Matter*"). Plaintiff hereby waives all claims to prejudgment interest, punitive damages, costs, and attorneys' fees against Defendant as to Counts I, V and VII of the SAC.

4. This Consent Judgment amount will be further reduced, on a dollar-for-dollar basis, by any restitution paid, or deemed by court order to have been paid, in liquid funds from any source.

5. This Consent Judgment is entered into by the Parties for the purpose of resolution, by consent, of all of Plaintiff's damages related to Counts I, V and VII of the SAC. The Court makes no

findings of fact or conclusions of law concerning any of the allegations or claims asserted by Plaintiff against Defendant in this proceeding. However, nothing in this paragraph shall be construed as diminishing or otherwise affecting Defendant's obligations and responsibilities under this Consent Judgment.

6. This Consent Judgment shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, successors, and assigns.

CONSENTED TO:
Dated: March 9, 2020

*William McElsy* (signature)

Dated: March 6, 2020

*Gregory W. Gray, Jr.* (signature)

SO ORDERED.
Dated: March 11, 2020

*David N. Hurd* (signature)
U.S. District Judge